THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* LUIS BERMÚDEZ MALDONADO, Defendant and Appellant.

No. 14718. Argued December 1, 1950.—Decided January 10, 1951.

*Eduardo Pérez Casalduc* for appellant. *Vicente Géigel Polanco, Attorney General, J. Rivera Barreras, Fiscal of the Supreme Court,* and *Frank Vizcarrondo Vivas, Assistant Fiscal,* for appellee.

MR. CHIEF JUSTICE DE JESÚS delivered the opinion of the Court.

It appears from the record that when this case was called for trial and before hearing the evidence, the defendant moved in writing for the dismissal of the information on the

ground that it had not been sworn to by the Prosecuting Attorney. The signature of the Prosecuting Attorney appears from the face of the information but the signature of the clerk of the Court who administered the oath does not. The motion was argued and overruled, whereupon evidence was heard in connection with the offense of carrying weapons with which the defendant was charged. As a result of the evidence the defendant was convicted and sentenced.

 Appellant cites § 3 of the Code of Criminal Procedure which provides:

"Every offense of which the district court has original jurisdiction must be prosecuted by information filed by the prosecuting attorney, in open court, verified by his affidavit, which shall be sufficient if it states that the information is based upon the testimony of witnesses, sworn before him, or upon the testimony of witnesses taken before an examining magistrate, and that he solemnly believes that there is just cause for filing the information. All cases that are triable before the justices of the peace, or before the municipal courts, when appealed to the district court, shall be tried on the original complaint and warrant, and the trial in the district court shall be *de novo.*"

However, the Prosecuting Attorney contends that the appellant has not placed us in a position to apply said § 3 because at the hearing of the motion to dismiss, evidence could have been presented to the effect that the Prosecuting Attorney had sworn to the information and that by mistake or inadvertence the clerk had failed to affix his signature administering the oath, and that in such case the alleged defect would not exist.

The hypothesis of the Prosecuting Attorney is destroyed by the evidence in the record which shows that only questions of law were argued at the hearing of the motion. That this is so is evidenced by the minutes of the trial which recite:

"Upon this case having been called for trial on this date, the defendant appeared assisted by his attorney, E. Pérez Ca-

salduc, Esq. The People appeared through its Prosecuting Attorney, F. Coll Moya. Questions of law raised by the defendant were argued and overruled. The defendant waived the arraignment and entered a plea of not guilty. After hearing the evidence, the court, on the basis thereof, found the defendant guilty and convicted him of the offense of carrying weapons and punished him to one-month imprisonment in jail, ordering the forfeiture of the weapon seized. The court fixed bail at $500 in case the defendant wished to appeal."

Under such circumstances we can not require the appellant to send up to this Court evidence which never existed.

Thus, the court *a quo* erred in not dismissing the information pursuant to the provisions of § 3 copied above, since the Prosecuting Attorney at no time asked leave to swear to it.

The judgment will be reversed and the defendant discharged.

Mr. Justice Snyder did not participate herein.